FILED

MAR 2 1 2019

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SHAYNE BERTELSEN,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 19-20-GF-BMM-JTJ<br><br><br>FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

On March 20, 2019, Petitioner Shayne Bertelsen, a state prisoner proceeding

pro se, filed documents seeking a writ of habeas corpus pursuant to 28 U.S.C. §

2254.[1]

In January of 2017, Mr. Bertelsen was convicted of Incest following a jury

trial in Montana's Eighth Judicial District, Cascade County.  Bertelsen previously

filed a habeas petition with this Court alleging that: he was convicted using false

evidence; he is actually innocent of the crime; Child Protection Services

unlawfully "coached" the victim; exculpatory evidence was withheld in violation

of *Brady v. Maryland*, 373 U.S. at 83 (1963); and, law enforcement officers failed

---

[1] The Court has filed the petition under seal because it contains the names of minor children.

1

to investigate and colluded with others to creating an illegal forensic interview. See e.g., *Bertelsen v. State*, CV-17-48-GF-BMM, Pet. (filed June 7, 2017). That matter was dismissed without prejudice as unexhausted. *Bertelsen v. State*, CV-17-48-GF-BMM, Or. (D. Mont. July 10, 2017).

In the instant matter, Bertelsen again advances similar claims. See generally, (Doc. 1.) Additionally, the Court is aware that Mr. Bertelsen currently has a direct appeal pending before the Montana Supreme Court; it appears that briefing is complete. See, *State v. Bertelsen*, DA 17-0555.[2]

## I.   Analysis

For the reasons discussed below, Bertelsen's petition should be dismissed because the claims he advances relative to his current custody have still not been exhausted. Dismissal should be without prejudice.

As Mr. Bertelsen was previously advised, federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731

---

[2] All state court briefing and orders available at: https://supremecourtdocket.mt.gov/ (accessed March 21, 2019).

(1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* *See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971), and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

As set forth above, Bertelsen has a direct appeal pending before the Montana Supreme Court and there are still remedies available to Bertelsen under state law. His direct appeal is not yet concluded; he also has not yet sought collateral review, including state postconviction relief or a state habeas petition. Thus, Bertelsen has not yet exhausted his state remedies. 28 U.S.C. §2254(c). Because Bertelsen has not exhausted his available state court remedies, this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be without prejudice allowing Bertelsen to return to this Court if and when he fully exhausts the claims relative to his current custody in the state courts.

## II.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Bertelsen has not yet made a substantial showing that he was deprived of a constitutional right.  Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings.  There are no close questions and there is no reason to encourage further proceedings in this Court.  A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## RECOMMENDATION

1.  The Petition (Doc. 1) should be DISMISSED as unexhausted.

2.  The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3.  A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Bertelsen may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Bertelsen must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 21st day of March, 2019.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Bertelsen is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.