IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SHAYNE BERTELSEN, | CV 19–20–GF-BMM-JTJ |
| Petitioner, | |
| vs. | ORDER |
| STATE OF MONTANA, | |
| Respondent. | |

United States Magistrate Judge John Johnston entered Findings and Recommendations (Doc. 2) in this case on March 21, 2019, recommending dismissal of Petitioner Shayne Bertelsen's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Bertelsen timely filed an objection on March 28, 2019. (Doc. 3.) Consequently, Bertelsen is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal

-1-

argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted).

Bertelsen was convicted of Incest following a jury trial in Montana's Eighth Judicial District, Cascade County. Bertelsen currently has a direct appeal of his sentence pending before the Montana Supreme Court. *State v. Bertelsen*, DA 17-0555. Judge Johnston determined that Bertelsen had not yet exhausted his state court remedies. (Doc. 2 at 3.) Judge Johnston further determined that Bertelsen's petition should be dismissed without prejudice, allowing Bertelsen to return to this Court if and when he fully exhausts his state court remedies. Bertelsen's objection asserts that the proceedings before this Court should be stayed pending the Montana Supreme Court's decision on Bertelsen's appeal. (Doc. 3.)

A federal court is prevented from granting a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Bertelsen continues to possess potential state court remedies. Bertelsen has a direct appeal pending before the Montana Supreme Court. His direct appeal is not yet concluded and he has not yet sought collateral review. Bertelsen has not yet exhausted his available state court remedies. This Court

cannot review Bertelsen's claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Bertelsen may re-file his petition with this Court if and when he fully exhausts the claims relative to his current custody in state court.

Bertelsen has not yet made a substantial showing that he was deprived of a constitutional right. Reasonable jurists would find no basis to encourage further proceedings related to Bertelsen's unexhausted petition. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability is denied.

**ACCORDINGLY, IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 2) are **ADOPTED IN FULL**. Bertelsen's Petition (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED this 9th day of April, 2019.

Brian Morris
United States District Court Judge